## McRAE v. JUZAN et al.

1. The Register of a Court of Chancery is bound to furnish the copy of a bill to the defendant, together with the *subpoena,* although the plaintiff may not have paid him his fees therefor.

At a special term of the Court of Chancery, sitting at Mobile, a motion was made requiring the appellant, who was the Register of that Court, to show cause why he had not issued a copy of the bill with the *subpoena,* to be served on the defendant in the case of Pierre Juzan et al v. Theo. L. Toulmin. In answer to the motion the appellant showed for cause that the complainants refused on demand to pay him his fees for these services. The Chancellor adjudged the cause shown to be insufficient, and directed the Register to issue a *subpoena* accompanied with a copy of the bill.

To revise this order the Register prayed and obtained an appeal to this Court.

CAMPBELL, for the appellant.
J. GAYLE, for the appellees.

COLLIER, C. J.—The only question in this case is, whether the Clerks of Courts previous, and as an inducement to the performance of the duties devolved on them by law, are enti-

tled to demand their fees? The solution of this question must depend upon the construction of our statutes on the subject. Ordinarily, at law, the unsuccessful party is charged with costs and an execution issues for their collection; but in equity either party is chargeable with their payment.at the discretion of the Court. [Act of 1807, Aik. Dig. 261, 286.] So if in a suit determined, the execution shall be returned "no property found, out of which the costs can be collected, an execution may forthwith issue against the plaintiff for all costs thereon which may have been created by him. [Act of 1826.] *Further*, the Clerk, or any person interested, is authorized to require security for costs of a plaintiff who may reside out of State at the time of the commencement of a suit, or remove from the same during its pendency—not only for the costs which may be awarded to the defendant, but also for the fees that are, or may become, due to the officers of Court. [Acts of 1807 and 1812, Aik. Dig. 263.]

Even if it were *res integra*, it might well be questioned whether the statutes we have cited did not relieve the parties from the payment of the *expensa litis*, as the suit progressed. But we cannot regard the question as a new one. It has been the universal practice in this State, since the organization of its government, for clerks and sheriffs not to demand their fees for services rendered in a cause until the same was decided. This practice must be considered as strong persuasive evidence of what the legislature intended, and cannot now be departed from, unless we were satisfied that it was founded upon an obvious misconstruction of law. It follows that the order of the Chancellor is correct, and is consequently affirmed.