## LYON *vs.* HAYS' ADM'R.

[BILL IN EQUITY TO SUBJECT TRUST ESTATE TO PAYMENT OF DEBT CONTRACTED BY TRUSTEE FOR ITS BENEFIT.]

1. *Liability of trust estate for charge created by trustee.*—A person who has rendered services for an estate, at the instance of the administrator, cannot subject the estate to the payment of his debt, after exhausting his legal remedies against the administrator, who has had a final settlement of his accounts.

APPEAL from the Chancery Court of Greene.
Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by Alexander Lyons, the appellant, to coerce payment out of the estate of George Hays, deceased, for services rendered by him, at the instance of Robert Leachman, a former administrator *cum test. ann.*, in ditching the lands of the estate. The bill alleged, that the services rendered were valuable to the estate; that

the plaintiff had obtained a judgment against said Leach-man, with a return of "no property" on an execution; and that Leachman had made a final settlement of his accounts as administrator, and had been removed from the office. The chancellor held, that the bill contained no equity; and his decree is now assigned as error.

WM. P. WEBB, for the appellant.—1. The equity of the bill is sustained by Coopwood v. Wallace, 12 Ala. 790, which is only overruled by Jones v. Dawson, 19 Ala. 672, so far as it dispensed with a judgment at law, and return of "no property found."—See, also, Cater v. Eveleigh, 4 Dess. Eq. R. 19; James v. Mayrant, 4 *ib*. 591; Mont-gomery v. Eveleigh, 1 McCord's Ch. 267.

2. The complainant's equity stands on higher ground than in the cases cited, because he was employed by an administrator, who was acting under a will which con-ferred on him the authority and discretion to have the work done.

S. F. HALE, *contra*, cited the following cases: Jones v. Dawson, 19 Ala. 672; Colvin v. Owens, 22 Ala. 782; Kirkman, Abernathy & Hanna v. Benham, 28 Ala. 501; Brown v. Lang, 4 Ala. 55; 8 Vesey, 4; 3 A. K. Mar. 487; 1 Hill's Ch. 231; Hill on Trustees, 567.

WALKER, J.—We concur in the opinion expressed by the chancellor, that the complainant's bill contains no equity. According to the decision in Jones v. Dawson, 19 Ala. 672, which we are not willing to overrule, one rendering services to a trust estate, under the employ-ment of the trustee, has no redress against the trust, except to subject an equitable demand of the trustee to the payment of the debt. It may be that an administra-tor, who has contracted a liability, within the scope of his official authority, has an equitable right to retain out of the assets of the estate an amount sufficient to satisfy that liability; and that that right is one of which the creditor who has rendered services to the estate may avail himself in equity, after exhausting his remedy at law against the

administrator.—Hearin v. Savage, 4 Ala. 286. But the right of the administrator to retain for such purpose, and the liability of the estate to him, must cease when he has gone out of the office, and there has been a final settlement of his accounts. The judgment of the orphans' court is conclusive against him, as to the existence of any farther liability of the estate to him. After such final settlement, he could set up no such claim against the estate ; and his employee cannot avail himself of a right, from the assertion of which the administrator is precluded by the settlement. In this case, the bill avers that there had been a final settlement, and upon the principles announced above, the bill contains no equity.—Magwood & Patterson v. Johnston, 1 Hill's Ch. 231; Clay v. Hopkins, 3 A. K. Marshall, 485.

The decree of the chancellor is affirmed.