| 32 | 489 |
| 136 | 375 |
| 136 | 376 |
| 32 | 489 |
| 143 | 625 |

## MULHALL vs. WILLIAMS AND WIFE.

[BILL IN EQUITY TO SUBJECT WIFE'S SEPARATE ESTATE TO PAYMENT OF CHARGE CREATED BY HUSBAND.]

1. *Charge on wife's separate estate not created by husband.*—The wife's separate estate, created by deed, cannot be subjected in equity to the payment of services rendered under a contract with the husband, who was acting trustee, in ditching the lands belonging to such separate estate, even after the return of "no property found" on an execution against the husband.

APPEAL from the Chancery Court of Dallas.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by Michael Mulhall, the appellant, against John D. F. Williams and wife, and sought to subject the separate estate of Mrs. Williams to the payment of services rendered by the complainant, under a contract with the husband, in ditching the lands belonging to her separate estate. Mrs. Williams' separate estate was created by ante-nuptial contract, which vested the legal title in a trustee; but the trustee died without accepting the trust, and Mr. Williams became the acting trustee. Mr. Williams gave his promissory note for the amount of the complainant's demands, and afterwards confessed a judgment in his favor. An execution was issued on this judgment, and returned " no property found;" and the bill alleged that Mr. Williams was insolvent. The chancellor dismissed the bill for want of equity, on the authority of Jones v. Dawson, 19 Ala. 672; and his decree is now assigned as error.

WM. M. BYRD, JOHN T. MORGAN, and JONA. HARALSON, for the appellant, cited Coopwood v. Wallace, 12 Ala. R. 790; N. A. Coal Company v. Dyett, 8 Paige, 9; S. C., 20 Wendell, 570; Upton v. Gray, 2 Greenl. 373; Cater v. Evelagh, 4 Dess. 19; Williams v. Mitchell, 17 Mass. 98; McElroy v. McKenzie, 2 Porter, 33; Sanford v. Howard, 29 Ala. 684; Thomas v. Lambert, 21 Maine Rep. 308; 2 Story's Equity, §§ 1235, 1399.

THOS. WILLIAMS, contra, cited Jones v. Dawson, 19 Ala. 672; Kirkman, Abernathy & Hanna v. Benham, 28 Ala. 501; Lyon v. Hays' Adm'r, 30 Ala. 430.

RICE, C. J.—Upon the authority of Jones v. Dawson, 19 Ala. R. 672; Kirkman v. Benham, 28 Ala. 501; and Lyon v. Hays' Adm'r, 30 Ala. 430, the decree of the chancellor is affirmed.

It is proper, however, to add, that a majority of the court doubt the correctness of Jones v. Dawson, so far as

it overrules or conflicts with any point actually decided in Coopwood v. Wallace, 12 Ala. R. 790. They incline to the opinion, that when an administrator, who is required by law to see that reasonable diligence is used for the collection of money due to the estate, in the proper performance of that duty selects an attorney to collect it, and is not indebted to the estate, and is insolvent, and has not charged the estate with the fees or compensation properly due to the attorney,—a case is presented which, perhaps, may be distinguished from that which was presented in Jones v. Dawson, Kirkman v. Benham, Lyons v. Hays, or here.—See Notley Young's Estate, 3 Maryland Chancery Decisions, 461. They put the case of an administrator above, by way of example merely. In every case similar in principle to that, they think the court ought not to feel itself concluded by Jones v. Dawson.