## MILLER vs. THOMPSON, AD.

A refusal or neglect by one party to perform his part of a contract justifies the
other in treating it as rescinded and authorizes him to sue in general indebitatus
assumpsit.

The same rule applies to the case of a legal representative refusing to carry out the
contract of his testator or intestate, except in those cases in which the contract is
terminated by the death of the party.

Hon. M. W. ALEXANDER, Circuit Judge.

GARLAND & RANDOLPH for the appellant.

A party to a contract who, without fault of his own, is pre-
vented by the other party from completing it, is at liberty to
treat it as rescinded, and proceed for the value of the labor
actually performed.    *Chitty on Con.* 741 *et seq.*

WATKINS & GALLAGHER, for appellee.

1. The death of Erwin terminated the contract.    1 *M. &. G.*
96; 3 *Mon.* 68.

The assent of the representative of Erwin to the use of his
name in the further prosecution of the suit would have consti-
tuted a new contract.    *Campbell's Rep. vs. Kincaid,* 3 *Mon.* 68.

Mr. Justice FAIRCHILD delivered the opinion of the court.

James Erwin in his life-time executed the following instru-
ment in writing:

" I hold a note against John P. Ford, now of Nashville, Tenn.,
for one thousand dollars, given about the spring of 1837, and
due in the year 1840, or 1841, or thereabouts, payable to me,

the amount now estimated to be due with interest is, say eighteen hundred dollars. The note was given in consideration of, (or part of) a section of land, in Octibbeha county, Miss., the numbers not now recollected. I have this day employed Calvin Miller, as my attorney, to collect said note if practicable, by subjecting said land to the payment thereof, or otherwise, as best it can be done; and the agreement is, that if he succeeds in the collection of said note, or any part thereof, I am to pay him all over one thousand dollars, if eighteen hundred dollars or more shall be collected; but if that much shall not be collected, then I am to pay him for compensation aforesaid, for whatever may be collected in the proportion above, that is as a thousand dollars are to eighteen hundred. But if nothing shall be collected or realized, then I am to pay him nothing for his services in the case. In case of a compromise of the case by the parties, for any sum less than the whole amount due, the compensation shall nevertheless be at the same rate as aforesaid.                                          JAMES ERWIN.

Nov. 3rd, 1851."

Pursuant to this agreement, Miller, the attorney named in it, commenced proceedings for the collection of the money by filing a bill against Ford, the maker of the note, and against others claiming the land, to enforce the vendor's lien of Erwin upon the land. The legal proceedings seem to have been begun in suitable time and are proven to have been the result of much troublesome investigation in ascertaining the condition of the land and claims to it, and to have been prosecuted with industry and ability by Miller and other counsel whom he employed, through the Chancery Court of the district, and upon appeal to the High Court of Errors and Appeals of Mississippi, whither it was taken by a claimant of the land, who rested in the district chancery court upon his demurrer, that was overruled. Upon the case being remanded to the court of original jurisdiction, the answer of the demurrant was filed, but owing to his being placed upon the chancery bench, in which the case was pending, it remained untried for a considerable time, when as the case was supposed to be ready for final hearing, Erwin

died, and the proceedings were necessarily suspended. After the death of Erwin, the appellee, his administrator, was informed of the pendency, condition, and object of the suit, and was requested to furnish the means necessary for its prosecution and authority for its legal continuance by revivor. To do this the appellee declined, but after Miller, by his declension, had taken the special contract for the prosecution of the suit to have come to an end, the appellee offered to furnish fifty dollars, for carrying on the suit and which he insisted Miller had written to him would insure its prosecution. But upon his own showing, his offer was made after he had for a long time delayed to notice the application of Miller. This offer was not accepted by Miller, who insisted that the appellee should qualify as Erwin's administrator in Mississippi, so that the suit could be revived in his name. This the appellee refused to do, as he did to do anything in the matter, but furnish the fifty dollars above stated. Miller then presented his account for legal services against Erwin to the appellee, who rejected it; and the account was filed, and demand upon it prosecuted in the Probate Court of Phillips county, by which judgment was rendered against Miller, and he appealed to the Circuit Court. The Circuit Court affirmed the judgment of the Probate Court, and Miller appealed to this court.

If Erwin had lived and had refused to allow the suit in Mississippi to be further prosecuted in his name, Miller could have sued him for damages under the special contract, or electing to consider Erwin's refusal as annulling the contract, could himself disaffirm it, and support an action against Erwin for the value of his services. This is an elementary principle, so laid down in our text books, and is fully recognized by several decisions of this court. *Walworth vs. Pool*, 4 *Eng.* 398, 400; *Prince vs. Thomas*, 15 *Ark.* 380; *Desha vs. Robinson*, 17 *Ark.* 236, 238, 252; *Bellows vs. Cheek*, 20 *Ark.* 437.

Although in the above cases the contracts were not all disaffirmed, and only one of them related to personal services, the principle of them is that included in the above proposition.

For if the consideration money that has been paid or promised, may be recovered back, or its payment successfully resisted, when it relates to real or personal property, the contract for which has been rescinded, it is plain that a special contract for personal services, that has been rescinded, does not debar the party that has been ready to perform the services, and has tendered their performance, from recovering, for his services, on an implied promise, what they can be proved to be worth. The obligation of Miller was to do all that an attorney and counsel could do to collect the note he received from Erwin. And Erwin, on his part, was to give Miller the control of the note for this purpose, furnish him with such papers and information as he could relative to the transaction about which the note was given, and allow his name to be used as the promoter of the suit, and to furnish such means for the payment of costs, or such indemnity against their liability as the laws of Mississippi, or the rules of the courts, should require. And the refusal or neglect of either party, to abide by, or perform his part of the contract, would justify the other party, in treating it as at an end, and would entitle him to the rights that the law would have given him had there been no contract. *Ives vs. Judd*, 27 *Comst.* 414; *Coopwood vs. Wallace*, 12 *Ala.* 795; *Chitty on Contracts*, (9 *Am. Ed.*) 577.

The same consequence that would have followed the refusal of Erwin to allow the suit to be prosecuted in his own name, must attach to the refusal of the administrator to provide for the revival and prosecution of the suit, unless the death of Erwin terminated the contract. Miller could not have claimed this. He would have been as liable to Erwin's administrator, as to Erwin himself, had he failed to perform his part of the contract, upon the administrator doing, or agreeing to do, what he was obliged to do to keep the suit alive, and the mutuality of right and obligation must be equal. There is nothing in the contract whence it can be inferred that it was to cease to be in force if Erwin should die before its completion. It was the duty of his administrator to provide for the completion of this con-

tract, as much as if it had been for the payment of one thousand dollars to Miller upon a legal consideration; and not having done so, the estate of Erwin is liable to pay Miller for his services, as Erwin would have been liable upon his own default. *Chitty on Contracts*, (9 *Am. Ed.*) 95; *Seborn vs. Kickman*, 1 *M. & W.* 423, *per Parke, B.; Addison on Contracts*, 1061; *Marshall vs. Broodhurst*, 1 *Cr. & J.* 405.

The question of law being thus settled, and the evidence being ample that services were rendered in Erwin's case by Miller, who upon Erwin's death was willing and ready to coninue the suit, the administrator of Erwin being so informed, and that these services were industriously, faithfully, and successfully applied to the prosecution of the suit, that they were worth the sum charged, the Circuit Court erred in not reversing the judgment of the Probate Court, and in not setting the case for trial anew in the Circuit Court. The action of the Circuit Court in refusing to reverse the judgment of the Probate Court, because it did not grant a new trial is not disapproved— there was no trial by jury.

The judgment of the Circuit Court of Phillips county must be reversed, with instructions to reverse the judgment of the Probate Court, and try the case anew upon its merits; the plaintiff to have leave to file an assignment of errors if none be on file in the Circuit Court, of which there is no evidence in the transcript of the case.