## WADE vs. POPE ET AL.

[BILL IN EQUITY TO SUBJECT AN ESTATE KEPT TOGETHER UNDER A WILL, TO THE PAYMENT OF PROPERTY BOUGHT FOR, AND SERVICES RENDERED TO, THE ESTATE, AT THE REQUEST OF THE EXECUTRIX.]

1. *Trust estate; liability of, for services rendered at request of trustee.*—One rendering services to a trust estate, under the employment of the trustee, has no redress against the trust for the debts thus contracted, except to subject an equitable demand of the trustee to the payment of such debt.

2. *Same; when executrix liable at law as executrix.*—An executrix with

Wade v. Pope et al.

power to "carry on" the testator's farm as he did in his life-time, is a trustee ; and if the will gives her authority to contract debts for expenses incidental to the management of such estate, she is liable at law for such debts as such executrix. A party having a claim against such executrix can not go into chancery in the first instance to enforce its payment, except to reach equitable assets.

3. *Same ; when executrix not liable as executrix in equity.*—An overseer who has rendered services for such executrix and purchased mules, at her request, for the purpose of carrying on such farm, can not, after suing her and recovering judgment against her in her individual capacity, go into chancery against her as such executrix, to enforce the payment of such judgment at law.

APPEAL from the Chancery Court of Autauga. Heard before Hon. J. Q. LOOMIS.

This was a bill in equity filed by the appellant, Wade, against the appellees, Matilda F. Pope, as executrix of the last will and testament of Zachary Pope, deceased, and the heirs and devisees of said estate, and sought to charge the estate for the payment of wages due appellant as overseer employed on said estate, and for mules purchased and paid for by him for the estate, and used in carrying on the farm, at the request of the executrix.

The bill charges, that under the will the executrix was authorized to contract debts in carrying on the farm ; that the services rendered by complainant were necessary, useful and beneficial to the estate, and that the mules purchased were necessary to carry on the farm, and beneficial to the estate ; that before the filing of the bill complainant recovered a judgment at law against said Matilda F. Pope, individually, upon which execution was regularly issued and returned "no property found ;" that said Matilda F. Pope qualified as executrix under the will, and has ever since, and is now, acting as executrix of said estate ; that a large amount of land and personal property of said estate is still in the hands of said executrix. The bill prays that an account may be stated, and that so much of the estate as may be necessary be sold in satisfaction of complainant's claim.

The will of Zachary Pope is made an exhibit to the bill. That portion of it relating to the powers of the executrix is as follows :    *    *    *    " Then it is my will that all of my

property —that is, land, negroes, stock of all kinds, and all other property—is to remain in the possession of my wife, Matilda F., and to be managed by her in the same manner I have been in the habit of doing; that is, she is to carry on the farm, sell the crops, pay debts, school the children, and to carry on all the business in the best manner she can for the benefit of the family. All this she is to do without giving security," &c.

On motion of the respondents, the chancellor dismissed the bill for want of equity, and this action is now assigned for error.

WATTS & TROY, and CLEMENTS & WILLIAMSON, for appellant.—On the facts stated, we maintain that the bill contained equity. On the facts stated, the complainant was entitled to have the estate of Dr. Pope charged with the payment of the claim of complainant. The case of *Jones v. Dawson et al.*, (19 Ala.,) on the authority of which the chancellor dismissed this bill, does not support the decree of the chancellor. On the contrary, the reasoning of the court will authorize relief to the complainant in this case. In the case of *Jones v. Dawson, supra,* the trustee was not authorized by the deed creating the trust to charge the trust estate by his contracts. In that case, no suit was brought at law against the trustee; but resort was had in the first instance to the chancery court, and there was no averment of the insolvency of the trustee.

In the case at bar, the executrix, Mrs. Pope, had authority to contract debts on the faith of the estate, given by the terms of the will; and it is shown that Mrs. Pope was sued to insolvency before the filing of the bill.

The case of *Coopwood v. Wallace*, (12 Ala.,) as to the 2d head-note, is overruled in *Jones v. Dawson.* That headnote holds that the persons performing the services for the trust estate may proceed in equity at once without resorting to courts of law against the trustee. In the case of *Mulhall v. Williams*, (22 Ala. 490,) the judge delivering the opinion of the court, declares that a majority of the court disapprove of *Jones v. Dawson,* so far as it overrules the 2d head-note of *Coopwood v. Wallace*, (12 Ala.) And the

opinion of *Mulhall v. Williams, supra,* recognizes the right of an administrator to employ counsel, and recognize the right of the counsel who has performed services for the estate, to have the estate charged in equity with the payment of his fees.—See *Mulhall v. Williams,* 34 Ala. 491.

The case of *Nolly Young's Estate,* (3 Md. Ch. Dec. 461,) is cited in *Mulhall v. Williams,* and it sustains the view of the court.

In *Lyon v. Hays, Adm'r,* (30 Ala. p. 431,) Judge Walker says, "*it may* be that an administrator who has contracted a liability, within the scope of his official authority, has an equitable right to retain out of the assets an amount sufficient to satisfy that liability; and that *that right is one of which the creditor, who has rendered services to the estate, may avail himself in equity, after exhausting his remedy at law against the administrator.*"

The relief was denied in the case of *Lyon v. Hays, Adm'r, supra,* on the ground that the administrator had finally settled the estate and had been discharged on such settlement.

The case of *Baker v. Gregory and Wife,* settles that the trustee may charge the trust estate in equity.—28 Ala. 544.

In the case now at bar, the executrix had, by the terms of the will, the right to create debts and charges against the estate; she is till continuing as the executrix of the estate, never having settled the estate. All the authorities agree that she can reimburse herself out of the assets of the estate for such services as the complainant performed, and for the mules purchased for the use and benefit of the estate. This right of the executrix still continuing, the creditor has the right in equity to claim *what* she would be entitled to, it being shown that she has been sued to insolvency.

The case of *Pollard et al. v. Cleveland,* (manuscript opinion of Chief-Justice PECK, Jan. term, 1869,) is not inconsistent with the right of the complainant in this case. In that opinion, he recognizes exceptions to the general rule, and indicates what such exceptions may be. The case at bar is within the exception.—See, in support of this view, the case of *Dyet v. Coal Co.,* 20 Wend. 570.

The case of *Cater v. Eveleigh,* (4 Des. S. C. Eq. R. 19,) is directly *in point,* as far as the principle of this case is concerned.

We submit, that the reason given in the case of *Jones v. Dawson, supra,* and in the English cases cited in that opinion, why the trust estate can not be reached in equity in the *first* instance, is not well founded. The reason given is, that a multiplicity of suits might be brought against the trust estate—one by every person who had credited the trustee on the faith of the trust estate. We submit that this reason would apply to every case of a person who contracts debts and fails to pay them. But it is not necessary in our case to controvert the authority of the case of *Jones v. Dawson;* for we say that ours is a case within one of the well-settled exceptions to the general rule.

PETERS, J.—The facts in this case are almost identically the same as those in *Lyon v. Hays' Adm'r,* 30 Ala. 430. In this latter case Lyon filed his bill to coerce payment of a debt due him out of the estate of George Hays, deceased, for services rendered by him, at the instance of Robert Leachman, a former administrator *cum testamento annexo,* in ditching the lands of the estate. The bill alleged, the services rendered were valuable to the estate, and that the complainant had obtained judgment at law against Leachman, on which execution had been issued and returned "no property found"; and also that Leachman had made final settlement of his administration, and had been removed from office. This bill was held to be without equity. In delivering the opinion in this case, this court say, "we concur in the opinion expressed by the chancellor, that the complainant's bill contains no equity. According to the decision in *Jones v. Dawson,* 19 Ala. 872, which we are not willing to overrule, one rendering services to a trust estate, under the employment of the trustee, has no redress against the trust, except to subject an equitable demand of the trustee to the payment of the debt."

Here the appellant, Wade, charges in his bill, that Mrs. Pope, the appellee, was appointed by her husband at his death, executrix of his will; that the will gave her, as such

executrix, power to carry on the farm and manage it as the husband did in his life time; that Mrs. Pope qualified as such executrix, and managed said farm under said will; that her testator's estate consisted of "lands, slaves and stock;" that in the year 1856, Mrs. Pope, as executrix, had employed him, said Wade, as overseer on said farm, and had procured him, at her request, to purchase for the use of said plantation certain mules at the price of seven hundred and fifty dollars, which mules were used and worked on said plantation, and that they had been retained by executrix as the property of said estate; that appellant had sued Mrs. Pope, not as executrix, but in her individual name, in the circuit court of Montgomery county in this State, for his wages and the price of said mules, in which suit he recovered judgment against her in April, 1869, for the sum of $1400,00, damages, and the further sum of $503,65, costs of suit, on which judgment execution had been issued and returned "no property found." This judgment is against Mrs. Pope in her individual capacity, and not against her as executrix. It is really her debt and not the debt of the estate she represents. And the plaintiff can not go into chancery and change it from a liability against her to one against the estate of her testator. Such is the attempt here, and it is forbidden by the uniform decisions of this court for many years.—*Jones v. Dawson*, 19 Ala. 672; *Kerman v. Benham*, 28 Ala. 501; *Lyon v. Hays*, 30 Ala. 430; *Mulhall v. Williams*, 32 Ala. 489.

The executrix is a trustee, and if the will gives her authority to contract debts for expenses incident to the management of the estate she represents, then she is liable at law for such debts, as such executrix.

The decree of the chancellor dismissing the bill in the court below is affirmed at the costs of the appellant and his securities in this court and the court below.

NOTE BY REPORTER.—At a subsequent day of June term, 1869, a rehearing was asked by appellants; to which the following response was made at the present term.

PETERS, J.—The rehearing in this case is refused. It is based upon the authority of *Coopwood v. Wallace*, 12 Ala. 790. This was a special case, and has since been very much doubted.—*Jones v. Dawson*, 19 Ala. 672. If the executrix had authority under the will to bind the estate, then the estate was bound at law, and there was no need for a resort to equity, if she had not such authority to bind the estate, then she alone was liable.