# Askew *et al. v.* Myrick.

*Bill in Equity to subject Trust Estate for Services rendered at Instance of Trustee.*

*Act to authorize collection of debts for labor and services rendered for benefit of trust estates, construed.*—The "Act to authorize the collection of debts for labor and services rendered for the benefit of trust estates," approved April, 1873, changes the former rule of law existing in this State, and converts claims for compensation for services rendered for the benefit of trust estates, on the employment of a trustee who has vacated his trust or become insolvent, into charges upon the trust estate, to be enforced against the legal representative by action at law. This right being the mere creature of a statute which provides a remedy for its enforcement, that remedy is exclusive, and a court of chancery would not have jurisdiction in such a case, even if the statute were out of the way.

APPEAL from Chancery Court of Lee.

Heard before Hon. N. S. GRAHAM.

The facts are stated in the opinion.

F. M. WOOD, for appellant.—The right given by the act of 1872-3 is of that character over which equity exercises jurisdiction, and hence the remedy given at law is cumulative.—*Waldron, Isley & Co. v. Simmons*, 28 Ala. 629.

J. R. DOWDELL, *contra*.—There is no equity in the bill. But for the act of the legislature, appellant had not a right to proceed directly against the trust estate, either at law or in equity. That act giving a new remedy and providing a mode for its enforcement, it and none other remedy must be pursued.—*Simmons v. Bull*, 27 Ala. 501.

BRICKELL, C. J.—The will of the testatrix is in these words: "I give and bequeath all my property, both real and personal, to my husband, J. W. Myrick, to have for his own and children's use, to be disposed of and given to his children as he may see proper, either before or after his death, but in no wise to be subjected to his, the said J. W. Myrick's, debts." At the death of the testatrix, she had three children born of her marriage, who were minors. The estate devised and bequeathed was the statutory separate estate of the testatrix. After the death of the wife, and the probate of the will, the husband, without administration granted, had and held possession, claiming under the devise and bequest. The real estate consisted of a plantation, which he cultivated. In its cultivation, he became indebted to the

appellee for services rendered as an overseer, and supplies furnished. The husband died in 1872, and after his death, this bill was filed against the administrator with the will annexed and the children, to charge the estate with the payment of these debts; and it is supposed to be authorized by the statute of April 8, 1873, entitled, "An act to authorize the collection of debts for labor and services rendered for the benefit of trust estates."—Pamph. Acts 1872–3 p. 131. A demurrer was interposed by the defendants, assigning as causes a want of equity in the bill; and that there was an adequate remedy at law; which was overruled by the chancellor. From the decree on the demurrer, this appeal is taken, and the only question presented is its correctness.

Prior to this statute, repeated adjudications of this court had settled, beyond further controversy, that a trustee, in the absence of express power conferred by the instrument creating the trust, could not, by his contracts or engagements, impose a liability on the trust estate. The execution of the trust may have compelled him to incur expenses, or have required the employment of third persons, whose services became beneficial to the trust estate. Until he was reimbursed such expenses, and the claims for compensation of those employed by him were satisfied, he could not be compelled to surrender the estate. If he had received funds, or was in default to a sum equal to such expenses, he could be compelled to surrender, because he could retain, and was supposed to retain, the funds for his indemnity; or, if in default, from that default he should satisfy the claims of those employed by him, for which he was personally liable. The persons he had employed had no equity to charge the trust estate. Their demands were purely legal, chargeable only on the trustee.—*Coopwood v. Wallace*, 12 Ala. 790; *Jones v. Dawson*, 19 Ala. 672; *Lyon v. Hays*, 30 Ala. 430; *Mulhall v. Williams*, 32 Ala. 489; *Wade v. Pope*, 44 Ala. 690. These authorities would probably have authorized those who had rendered services to the trustee, and had exhausted legal remedies against him, to have proceeded in equity to subject any demand due from the trust estate to him, or to be subrogated to his right to charge the estate. The question was not directly presented, but the intimation was that such a remedy could have been pursued. It would have been unavailing, if the trustee was in default, upon an accounting of his administration. If in default, there could be no equity in him to charge the estate, and it was to his place and his rights only the party could have succeeded, or been substituted. An exception was recognized in favor of an attorney employed to prosecute suits for the recovery of the assets of the trust to this extent, if the trustee was insol-

vent, not indebted to the estate, and had not, in the settle-
ment of his accounts, obtained credit for the compensation
of the attorney, he could proceed directly in equity to charge
the estate.—*Coopwood v. Wallace, supra; Mulhall v. Williams,
supra.*

The obvious purpose of this statute is to charge this rule;
to convert the claims for compensation for services rendered
for the benefit of trust estates, on the employment of a
trustee who has vacated the trust, or become insolvent, into
charges on the trust estate, to be enforced against the legal
representative of the estate, by an action at law. An entire
change of the character of the demand is produced. From
a personal liability of the trustee, it is made a charge on the
estate, burdening the rights and interests of the *cestui que
trusts* without regard to the state of the trustee's accounts,
or to the inquiry whether he could retain the estate for its
payment. The right conferred by the statute, is a right
attaching to the demand for compensation—a right inde-
pendent of, and distinct from, the right of the trustee, to
which right only the person rendering the services under
existing law could have been substituted. The statute is
not confined to the future—to demands for services rendered
after its enactment. It was intended to operate on demands
already existing, for services completely rendered, and such
is the effect of its express words. If it was confined to
demands arising in the future, the complainant could seek
no relief under it, because the services for which he claims
compensation had been fully rendered before its enactment.
Whether it is competent, by legislative enactment, to change
the character of existing demands, adding to them new obli-
gations, converting them into charges on estates not before
bound by them, is a question on which we will not now
express an opinion.

The right sought to be enforced—the right to change the
trust estate, not existing prior to, but being created by, the
statute—the remedy for its enforcement, prescribed by the
statute, must be pursued. The principle is well settled that
if a right, and an appropriate remedy, exists at common law,
a statute providing a new remedy in the affirmative, without
a negation of the existing remedy, is cumulative merely.
But when a statute creates a right, and prescribes the rem-
edy, the statutory remedy is exclusive.—Sedgwick Stat. and
Com. Law, 341; *Vestry, &c., v. Batlebury,* 2 Com. Bench U.
S. (89 Eng. Com. Law) 477, and note on page 486. The rem-
edy prescribed is an action at law against the legal repre-
sentative of the trust estates. A bill in equity against the
*cestuis que trust,* not joining the representative of the trust
estate, is not within the purview of the statute. The court

of chancery had not jurisdiction of the case made by the bill independent of the statute. Its only jurisdiction was the subrogation of the complainant to the equity of the trustee to charge the trust estate. Such right is not shown to have existed in the trustee, and if it was, it could only arise on a final accounting of the administration of the trust, which is not contemplated by the bill.—*Worrall v. Harford*, 8 Ves. 4.

The demurrer should have been sustained, and the decree of the chancellor overruling it must be reversed, and a decree here rendered sustaining it, and dismissing the bill, at the costs of the appellee, in this court, and in the court of chancery.