# St. Joseph's Academy *v.* Augustini and Wife.

*Bill in Equity to charge Infant's Lands for Board and Education, under Contract with Guardian.*

1. *Guardian's contract for board and education of ward; not chargeable on infant's lands.*—The board and education of minors, under a contract made by their guardian, who was also the administrator of their deceased father, cannot be charged on their real estate, under a bill filed by the creditor, because the guardian has wasted all their personal estate, and he and his sureties are insolvent.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. H. AUSTILL.

The bill in this case was filed on the 10th March, 1875, by the trustees of St. Joseph's Academy, a corporation chartered under the laws of Mississippi, against Pierre Augustini, and Mary Emma, his wife (formerly Mary Emma Pizzini), and Madelaine (or Ida) Pizzini, an infant; and sought to subject certain lands, belonging to the said Mary Emma and Madelaine (or Ida), to the payment of a debt due to the complainants, for their board and education at said Academy, during the years 1870, 1871, 1872, and 1873. The chan-

[St. Joseph's Academy v. Augustini and Wife.]

cellor sustained a demurrer to the bill, for want of equity ; and his decree is now assigned as error.

GIBBONS & PRICE, with JOHN T. TAYLOR, for appellants.— The general principle is admitted, that a person who renders services for a trust estate, at the instance of the trustee, must look to the trustee for his compensation, and cannot charge the trust estate. But this principle has its exceptions and qualifications, as illustrated in the case of *Coopwood v. Wallace*, 12 Ala. 790, which has been recognized as authority in the subsequent cases cited on behalf of the appellee. In *Lyon v. Hays*, 30 Ala. 430, WALKER, J., admits that an administrator, having contracted a liability within the scope of his official authority, may retain out of the assets a sufficient sum to satisfy that liability ; and that the creditor who has rendered the services, having exhausted his legal remedies against the administrator, may avail himself of this right ; but, he adds, this liability and right cease, when the administrator has gone out of office, and there has been a final settlement of his accounts. In this case, when the bill was filed, Augustini was both administrator and guardian ; and the bill shows that, on account of the insolvency of himself and his sureties, legal remedies against him would be fruitless. But the bill stands on higher ground than the rendition of services for a trust estate—upon the ground of public policy and common humanity, in furnishing necessaries for helpless infants. The board and education of minors, suitable to their condition and circumstances in life, are a proper charge against their estate ; and if paid by their guardian, are allowed to him on settlement. A trustee may safely do, without an order of court, that which the court would order him to do. If the guardian had paid the complainants' debt, it would have been allowed to him as a proper credit against the estate ; not having paid it, the complainants should have their remedy against the estate. As between the creditors who have furnished, and the infants who have received the board and education, the debt being unpaid, there can be no question as to who shall suffer.—Redfield on Wills, vol. 3 p. 456 ; Perry on Trusts, 437, § 476 ; *Calhoun v. Calhoun*, 41 Ala. 369.

BOYLES & OVERALL, *contra*, cited *Jones v. Dawson*, 19 Ala. 672 ; *Sanford v. Howard*, 29 Ala. 684 ; *Lyon v. Hays*, 30 Ala. 430 ; *Mullhall v. Williams and Wife*, 32 Ala. 489 ; *Wade v. Pope*, 44 Ala. 690 ; *Askew v. Myrick*, at December term, 1875.

MANNING, J.—Appellant, a corporation of the State of

Mississippi, as complainant below, sued the appellees, for a balance alleged to be due for the board, education, &c., for a long period of time, of defendants Mary Emma, now wife of defendant P. Augustini, and Madelaine (or Ida) Pizzini, minors. The bill was filed against them, and against said Pierre Augustini, as guardian of said Mary Emma and Madelaine, and as administrator of the estate of their father, the late Dominique Pizzini, deceased; and has been revived against John D. Haynie, as administrator *de bonis non* of that estate, upon the removal of Augustini as administrator in chief. The object of the suit is to obtain payment of the alleged indebtedness, directly from the real estate which descended from the said Pizzini to his daughters, and belongs to them in common, upon the allegations : 1st, that soon after Pizzini's death, in 1869, Augustini became administrator of his estate, and in September, 1871, took out letters of guardianship of the persons and estate of the children; 2d, that from January, 1870, to August, 1873, these minors were boarded and educated at the school of complainant, at Bay St. Louis, Mississippi, at the request, and by engagement of said Augustini; 3d, that their board and education there were suitable to their condition and circumstances in life; 4th, that less than one-half the amount due had been paid by Augustini, and he and the sureties on his bonds as administrator and as guardian, respectively, are insolvent, or not possessed of more property than is exempt by law from execution; and, 5th, that "said P. Augustini has wasted and squandered all of the personal estate of the said Dominique Pizzini." It is alleged, also, that Pizzini at his death left no debts to be paid, of any considerable amount, and that the assets of his estate then exceeded the sum of $15,000.

Demands of this nature have several times been brought before this court. It has always held, that debts contracted as this was, are the proper debts of the persons occupying the position of trustees, by whom they were created. As was said by Judge A. J. WALKER, in *Sanford v. Howard :* "The purchases of trustees, including executors, administrators, and guardians, when made in obedience to the duties of the trust, impose upon them a personal liability. The seller," or, we may insert, the person to whom a debt is contracted, "must look to them for payment, and they must look to the trust estate for reimbursement." This is everywhere, in this country, as well as in England, held to be the law; and appellant's counsel admit it. But they insist that, while this is so, the circumstances of the present case, and of others like it, should make them exceptions to the general rule, and give them direct access by a court of equity to the

trust estate. This court has repeatedly refused to make such exceptions. It has never done so, except in one case, that of *Coopwood v. Wallace*, 12 Ala. 790; and the decision in it was afterwards expressly disapproved, on account of "the evil consequences," to which it was supposed the recognition of it as authority would lead.—*Jones v. Dawson*, 19 Ala. 678. This disapproval, however, was itself subsequently disapproved, in *Mulhall v. Williams & Wife*, 32 Ala. 490; and it was there intimated, that, limited to cases the features of which were all identical with those of *Coopwood v. Wallace*, the decision in it might be acknowledged to be correct law. No other case of the sort has received the sanction of this court.—*Jones v. Dawson, supra; Kirkman v. Benham*, 28 Ala. 501; *Sanford v. Howard, supra; Lyon v. Hays*, 30 Ala. 430; *Mulhall v. Williams, supra.*

But the case now before us is entirely without those features, which commended that of *Coopwood v. Wallace*, according to the opinion of the eminent judge who wrote the opinion in it, to the court which made the decision. As he explained that case, in *Jones v. Dawson, supra*, "the administrators who employed the attorney had resigned, after having come to a final settlement with the Orphans' Court. They were not indebted to the estate, nor had they charged the estate with the fees due to the attorney," who was complainant in that cause. They were also insolvent. Therefore, it was thought, he ought to be paid out of the estate which had received the benefit of his services. But, when the present bill was filed, *Augustini* was still administrator and guardian. He had not come to a settlement in the court; and having " wasted and squandered all of the personal estate of the said Dominique Pizzini," he must have been indebted to it. Sureties had been required of him in those capacities, for the protection of the minors, who could not take care of themselves; and those sureties had become insolvent. Would it not, then, be a remarkable departure from the rule established by all the precedents in similar cases, if we should hold that those whom the law was most solicitous, on account of their defenseless condition, to protect, by requiring securities to be furnished for their benefit, after losing recourse against their guardian and his bondsmen, by their failures, and a large part, perhaps the largest part, of their patrimony by his *devastavit*, now should be required, by the decree of a court of equity, in effect, to stand as sureties for their guardian to his creditors? We are not willing to make such a precedent. It was in the power of the plaintiff to require payment from time to time of the expenses for the education and board of these minors, from Mr. Augustini, out

[ Crawford v. Creswell. ]

of the assets of the estate, which it now charges he was squandering; and it can not found on its failure to do this a claim against the residue of the diminished property which remains for them.

Let the decree of the chancellor be affirmed.