# Scott, Execx. *v.* Reeves.

*Bill in Equity against Guardian and his Sureties for an Accounting.*

1. *Guardian and ward; proper parties to bill by ward against guardian.*—A bill by a ward seeking an accounting and to recover for the maladministration by the guardian of the ward's estate and for the breach of the trust by a wrongful investment of the property received by the guardian, seeks a decree against the guardian as an individual, and is properly exhibited against him in that capacity and not as guardian; and the sureties on his bond are properly joined as respondents with the guardian.

2. *Same; breach of trust.*—Where a guardian uses the entire corpus of his ward's estate to make partial payment upon real property purchased, obtaining therefor a bond for title, and agrees to pay the other installments of the purchase price before the deed should be delivered, such investment is beyond the power of the guardian, and renders him and his sureties liable for the unauthorized expenditure.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. W. L. PARKS.

The bill in this case was exhibited in behalf of appellee by her next friend against her guardian, Thos. J. Scott,

and the sureties on his bond. The said Thos. J. Scott, having died pending the suit, the same was revived against Mary A. Scott as his executrix. The bill charged that said Scott had received as assets of his ward's estate the sum of eleven hundred and twenty-six dollars ($1,126), and had paid said sum upon a house and lot belonging to his partner and one of the sureties on his bond, the same being in the city of Montgomery, obtaining therefor a bond for title and agreeing to pay the sum of fourteen hundred and fifty dollars ($1,450) as the purchase price before the deed should be made. It was further alleged that no settlement had ever been made of said estate, and that the ward had never derived any income from the same. The prayer of the bill asked for an accounting, the removal of the guardian, and a decree against him and his sureties for the assets received, together with compound interest thereon. There was a demurrer to the bill, assigning, among other grounds, the failure to make Thos. J. Scott a party in his fiduciary capacity. This demurrer was overruled. The evidence without conflict established the material allegations of the bill, and, upon final hearing, a decree was rendered in accordance with the prayer of the bill. From this decree respondents appeal, and assign as error the ruling upon the demurrer and the rendition of the final decree.

MOORE & TEAGUE and GORDON MACDONALD, for appellant.

WILLIAM C. OATES and S. H. DENT, JR., *contra*, cited *Lee v. Lee,* 55 Ala. 590; *Bryant v. Craig*, 12 Ala. 354; *Thompson v. Thompson*, 92 Ala. 545; *Calhoun v. Calhoun*, 41 Ala. 369; *Brand v. Abbott*, 42 Ala. 499; *Vaughn v. Bibb,* 46 Ala. 153; *Childress v. Childress*, 49 Ala. 237; Code, § 2286.

McCLELLAN, C. J.—The bill does not, of course, seek a decree against the estate of the ward, but one against the guardian as an individual; and it is properly exhibited against him as an individual; and not as guardian. And the sureties on his bond as guardian

are properly joined as respondents with him.—9 Ency. Pl. & Pr., 963; *Lee v. Lee,* 55 Ala. 590.

"It is the duty of the guardian to manage the estate of his ward frugally, and to improve it to the best of his skill and ability. He must, if practicable, lend out all of the surplus money of the ward on bond and mortgage, or good personal security."—Code, § 2286. He may invest his ward's funds in real estate, taking title to the ward; but he is liable to the ward for loss sustained by failure or defect of title.—Code, §§ 2306-7. But the guardian is not authorized to invest his ward's entire estate by way of part payment for unproductive real property, acquiring no title by the investment but only a bond for title upon the payment of the balance of the purchase money, a balance which can never be paid out of the ward's estate since she has none left after making the partial payment, and the interest upon which and other charges will inevitably consume the whole corpus of her estate. This is the case presented by the bill before us, and the evidence. The facts averred and proven are amply sufficient to invoke and justify an election by the court in its capacity of general guardianship of all minors to repudiate the investment made by the guardian and to hold him and his sureties liable for the moneys of the ward thus in violation of his duty so expended as to be virtually and totally lost to the ward.

These views cover all the suggestions made in the brief for appellants against the decree below. The bill had equity. There is no merit in the positions taken in the brief of counsel; and the decree will be affirmed.

Affirmed.