# Steinhart, *et al. v.* Gregory, *et al.*

### *Bill to Declare Notes Void, to Impress a Trust, and for an Accounting.*

#### Decided April 11, 1912. 58 South. 266.)

1. *Guardian and Ward; Misconduct of Guardian; Remedy.*—Where a guardian transferred notes belonging to his ward as collateral security to his creditor, who had knowledge of the fact, and the maker of the notes paid the same to the creditor of the guardian with notice of the rights of the ward, the ward has an adequate legal remedy against the guardian and his sureties, and the creditors, and need not pursue an equitable remedy.

2. *Same; Unauthorized Act of Guardian; Ratification.*—A ward who demands, on attaining full age, the proceeds of a lease of his real estate executed by the guardian without the authority of the probate court, thereby ratifies and confirms the lease.

3. *Same; Transaction With Guardian.*—Where a guardian applies the assets of his ward to his individual debts, the party receiving the same with notice of the facts is liable therefor to the ward.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Bill by Ethel Steinhart and others, against B. F. Gregory and others, for an accounting, and to impress a trust upon certain property, and for general relief. From a decree sustaining demurrers to the bill complainant appeals. Affirmed.

PETTUS, FULLER & LAPSLEY, for appellant. The statute governing leases by guardian of the lands of the ward will be found in sections 4379, 4380, 4381. Equity has jurisdiction regardless of the legal remedies to grant relief, and force a trust upon the conscience of Gregory. —*Johnson v. Amberson,* 140 Ala. 342; *Robinson v. Pearce,* 118 Ala. 296; *Thompson v. Thompson,* 107 Ala. 169; *Randolph v. East Lake L. Co.,* 104 Ala. 366; *Kent v. Dean,* 128 Ala. 610; *Moore v. Crawford,* 130 U. S.

[Steinhart, et al. v. Gregory, et al.]

122. The papers on their face were sufficient to charge Gregory with notice of the trust.—*Marks v. Clisby,* 130 Ala. 502; *Shorter v. Frazier,* 64 Ala. 81; 68 N. E. 141; 46 S. W. 609; 14 L. R. A. (N. S.) 237. The guardian was without authority to mortgage or pledge his ward's personal property without an order of court.—21 Cyc. 85.

HENRY McDANIEL, and C. K. ABRAHAM, for appellee. The decree of the chancellor sustaining the demurrers to the bill should be affirmed on the authority of *Farmers' Bank v. Samford,* 150 Ala. 195; *Mason v. Buchanan,* 62 Ala. 110. The complainants had a plain and adequate remedy at law against the guardian and his sureties, and the creditors, if the facts as alleged by the bill be true.

SIMPSON, J.—The bill alleges that the complainants (one of whom is of age, and the other two recently having had their disability of nonage removed) own a plantation in Greene county; that J. D., and Albert Steinhart, who were guardians of the complainants, in the year 1909 leased said plantation to Phil A. Barton for the years 1910-1911, receiving from him a note for the payment of 20 bales of cotton for each year; that said lease was made without any order from the probate court; that said note was made payable to "A. Steinhart, Ex."; that said Albert Steinhart borrowed $2,000 from one of the defendants, B. F. Gregory, for his personal use, and assigned and transferred said notes as collateral security for the same; that Gregory had notice at the time that said notes were give for the rent of said plantation belonging to complainants; that on November 1, 1910, said Barton, although he had actual notice of the rights and interests of complainants, delivered to

said Gregory said 20 bales of cotton in payment of the first note, and said Gregory sold same for $1,401, and said Gregory has refused to pay the same on demand; that in August, 1910, said J. D. and Albert Steinhart resigned the guardianship, made a final settlement, and were discharged; that on said final settlement the amount of said rents was not accounted for.

The prayers of the bill are: First, for process; second, that the transfer of said notes be declared to be void, and a devastavit on the estate of complainants; third, that said B. F. Gregory be decreed to be a trustee for the benefit of complainants, and reqiured to account for the value of the cotton received by him and to deliver over the remaining note; also, that Phil A. Barton, the maker of the note, be required to pay the rent for 1911 to complainants; and, fourth, for general relief. This appeal is from a decree sustaining demurrers to the bill.

Besides the multifarious features of the bill, if complainants have any rights, their remedy at law is complete and adequate. Besides the liability of the guardians and their sureties, if any one has illegally collected rents, which ex æquo et bono belong to the wards, they can recover in an action at law. If the note for unpaid rent was given for the rent of their lands, and has not lawfully been disposed of, they can sue on it and recover. These rents constitute the income of their estate, which it was the duty of the guardians to appropriate to their maintenance and support.

As to the illegality of the lease, they ratify it by demanding the proceeds according to the contract.

The authority and power of a guardian over the assets belonging to his ward's estate are similar to those of an executor; and while he may not apply them to the payment of his individual debts, and any one receiv-

[Long v. Morris.]

ing the same with knowledge that they are being applied to the indivdual indebtedness of the guardian is liable to account for the same, yet this court has said: "The authorities do not prevent the pledging of choses in action to secure the debts of or borrow money for the estate, and there is a broad distinction between pledging notes of the estate to secure an antecedent debt of the trustee and pledging them as security for a present or subsequent consideration. In the latter case the pledgee is not required to follow the money lent, and see that it is applied to the benefit of the estate."—*Farmers' & Merchants' Bank v. Sanford,* 150 Ala. 195, 199, 43 South. 226, 227.

Finding no error in the record, the decree of the court is affirmed.

Affirmed. All the Justices concur.