(91 South. 610)

**TOLLEY et al. v. HAMILTON et al.**
(8 Div. 352.)

(Supreme Court of Alabama. Oct. 20, 1921. Rehearing Denied Nov. 17, 1921.)

1. Trusts ⬅️198—Purchase by a trustee voidable, not void.

A purchase of trust property by the trustee for his own benefit is not void, but voidable, at the election of an interested person within a reasonable time.

2. Trusts ⬅️200(2)—Chancery court may order or confirm sale of trust estate to trustee.

The chancery court has jurisdiction to order or confirm the sale of a trust estate, to the trustee, in the interest of a minor cestui que trust.

3. Equity ⬅️445—Decree not impeachable by separate bill of review except for fraud.

The chancery court having jurisdiction, its decree ordering sale of a trust estate could not be impeached by a separate bill of review on the ground that the trustee was interested as a purchaser, but only for fraud on the court in procuring the decree.

4. Equity ⬅️460—Fraud in procurement of decree of sale not sufficiently charged in bill of review.

Fraud in the procurement of a decree ordering the sale of a trust estate of which a trustee was purchaser *held* not sufficiently charged in a bill, which merely alleged that the trustee to acquire the res had filed his bill stating that he has declined a sale agreed to by the cestui que trust with maker, but that he and another were willing to absorb the trust under certain terms.

5. Equity ⬅️446—Error in provisions of decree of sale available by appeal, not by separate bill of review.

Error of a chancery court in a decree of sale of trust property in respect to method of sale or permitting use of unaccrued income may be availed of by appeal, not by independent bill to vacate the decree.

6. Trusts ⬅️196—Credit sale not barred by requirement of reinvestment.

A testamentary trust provision requiring reinvestment of the res upon the exercise of a power of sale did not preclude the court from permitting a credit sale and reinvestment of the proceeds after payment of the purchase price.

7. Trusts ⬅️196—Life interest of cestui que trust not extended by credit sale of res.

A credit sale of the res of a testamentary trust for life and reinvestment of the proceeds upon payment did not prolong the cestui que trust's interest, since, at his death, it would at once vest in the remaindermen.

8. Trusts ⬅️285—Remaindermen cannot complain income was used prematurely for equitable life tenant who afterward became entitled to benefit thereof.

Remaindermen, after a trust estate for life, may not complain of the use of unaccrued income which the cestui que trust has lived long enough to acquire the right to use.

9. Remainders ⬅️17(4)—Decree binding on after-born members of class having identical rights.

A decree rendered against a class of remaindermen binds after-born members of the same class having identical rights with members then in esse.

10. Trusts ⬅️359(3)—Legal remedy of remaindermen as to trust land adequate on termination of life trust.

Remaindermen, after a trust estate for life, have, after termination of the trust by death, an adequate remedy at law as to land not disposed of by decree and consequent sale and for recovery of the rental value thereof.

Appeal from Circuit Court, Limestone County; O. Kyle, Judge.

Bill by Price Alexander Hamilton and others against James H. Tolley and others to review and reverse a decree for fraud and for a sale of lands for division. From a decree overruling demurrers to the bill, respondents appeal. Reversed, rendered, and remanded.

The case made by the bill is that Martha Hamilton, now deceased, left a last will and testament creating for her son, Yancy Hamilton, a spendthrift trust; testatrix's brother, Charles A. Arnett, being named as trustee, with power to sell the trust property, and reinvest the proceeds of sale in other property in or out of the state of Alabama, to be held subject to the same trust, and providing further that said net incomes, rents and prof-

its are not to be enjoyed by him by anticipation before they become due and are paid over to him. The will was duly probated and a copy thereof attached to the bill. The testatrix left a large, landed estate, among which was certain land included in the bill for partition filed in the chancery court of Limestone county by the said Charles A. Arnett against Yancy P. Hamilton and his wife and other defendants, which land was awarded to said trustee, as coming under the terms of his trust; said lands being awarded to Arnett to be held under the power of said will. The said Arnett administered the said trust until some time in 1905, when under an order of the register of the chancery court, W. T. Yarbrough was appointed trustee and entered upon and performed the duties of said trust on December 12, 1905, to February 19, 1909. The said Yarbrough, having conceived the idea of absorbing and acquiring the trust estate for his own individual use and benefit, filed a bill in the chancery court, setting up that the said spendthrift, for whose primary protection the said spendthrift trust was created, had reached an agreement with some one, name not given, to sell said lands for the sum of $8,000, which the said Yarbrough, as trustee, had declined; but he set up in the same bill that he, himself, jointly with C. E. Frost, was ready and willing to absorb the subject-matter of his trust, at and for the sum of $9,500, upon condition that he and Frost would give their notes as individuals for $9,000 payable 10 years after date, together with 10 notes for $720, payable annually, and provided that these said notes be made nonnegotiable, and that no party, whether trustee or beneficiary, shall have the right or power to anticipate the notes or hypothecate the same, in order to raise money thereon. Here follows the substance of the bill filed by the trustee to effectuate this purpose.

Decree was duly entered, ordering a sale of the land, and Yarbrough and Frost became the purchasers. Five days after the modified decree was entered, Frost relinquished to Yarbrough all his interest in said land by deed dated April 14, 1909, on the recited consideration of $5. Handerson Legg was appointed to succeed Yarbrough as trustee. Then follows a statement of the deeds of conveyance, executed by Yarbrough, showing a conveyance through various sources to the present respondents. The bill also alleges that a certain part of the land was left out of the decree. Various reasons are stated why the decree ordering the sale of the land and permitting the trustee was void and ought to be vacated, most of which appear from the opinion of the court.

W. R. Walker, of Athens, for appellants.

The trustee became a stranger to the trust by buying and going into a court of competent jurisdiction, and having the sale ratified and confirmed, and, in the absence of fraud in the rendition or procurement of the decree, the decree is binding. 74 Ala. 604; 205 Ala. 230, 87 South. 349. In any event the purchase was only voidable, and, if allowed to remain for a long time after knowledge, will be held to have been acquiesced in. 143 U. S. 224, 12 Sup. Ct. 418, 36 L. Ed. 134; 41 Ala. 693; 4 Port. 293, 30 Am. Dec. 525; 5 Ala. 90; 9 Ala. 959; 14 Ala. 147; 23 Ala. 219; 36 Ala. 354; 128 Ala. 209; 55 Ala. 525; 29 Ala. 367; 36 Ala. 433; 105 N. Y. 167, 11 N. E. 380. Some of the defendants to the former suit are barred by the statute of limitations to seek relief now, and the infant defendants cannot be granted relief. 84 Ala. 349, 4 South. 182. In the absence of collusion with the trustee by the purchaser, or knowledge of his intentions to waste the trust fund, the remainderman is bound by one who purchases in good faith from the trustee, having the power to sell. 162 Ala. 448, 50 South. 223. The remaindermen are bound to do equity. 80 Ala. 11; 111 Ala. 188, 18 South. 292, 56 Am. St. Rep. 38; 130 Ala. 502, 30 South. 517; 169 Ala. 648, 53 South. 830. The present attack is a collateral attack. 117 Ala. 454, 23 South. 821; 182 Ala. 376, 62 South. 706. The bill does not make out a case of fraud sufficient to vitiate the decree. 40 Ala. 155, 88 Am. Dec. 757; 175 Ala. 299, 57 South. 754; 10 Wall. 308, 19 L. Ed. 931; 216 Ill. 354, 75 N. E. 108, 108 Am. St. Rep. 219; 108 Ala. 29, 18 South. 801; 182 Ala. 376, 62 South. 706; 182 Ala. 622, 62 South. 176, 46 L. R. A. (N. S.) 274; 203 Ala. 683, 85 South. 25; 74 Ala. 334. Persons of the same class were before the court, and hence those not of the same class are bound. 201 Ala. 248, 77 South. 838; 187 Ala. 165, 65 South. 381; 190 Ala. 461, 67 South. 417; 144 Ala. 437, 39 South. 506, 113 Am. St. Rep. 53; 145 Ill. 573, 33 N. E. 853, 24 L. R. A. 492, 36 Am. St. Rep. 514; 214 Ill. 113, 73 N. E. 409, 105 Am. St. Rep. 98, 2 Ann. Cas. 787; 113 U. S. 340, 5 Sup. Ct. 652, 28 L. Ed. 1015; 66 S. C. 155, 44 S. E. 564, 97 Am. St. Rep. 757. The bill was not sufficient as a bill for review. 203 Ala. 650, 84 South. 820; 203 Ala. 502, 83 South. 600; 201 Ala. 99, 77 South. 393; 61 Ala. 354; 97 Ala. 451, 12 South. 48.

E. W. Godbey, of Decatur, for appellees.

The bill and decree attacked failed to aver jurisdictional facts justifying the sale, and rendered all the proceedings void thereunder. 108 Ala. 651, 18 South. 520; 16 Ala. 411; 18 Ala. 232; 30 Ala. 419; 29 Ala. 372. The former decree and bill proposed a violation of the trust, and the subsequent or modified decree authorized anticipations of income expressly interdicted by the will. Lewin on Trusts (1st Am. Ed.) § 588; 8 Misc. Rep. 660, 30 N. Y. Supp. 178; 11 Pick. (Mass.) 120; 125 Mass. 138; 174 Cal. 366, 163 Pac. 206; 189 Ky. 370, 225 S. W. 48; 2 Grat. (Va.)

471, 44 Am. Dec. 395; 179 N. Y. 352, 72 N. E. 242. A former decree authorizing a conversion of the land into choses in action perverted the trust power. 67 Miss. 234, 7 South. 225; 189 Ky. 370, 225 S. W. 48; 2 Perry on Trusts, § 777; 104 Wis. 500, 79 N. W. 766, 81 N. W. 367, 48 L. R. A. 812; 89 Ala. 381, 8 South. 72; 65 Ala. 111; 13 C. J. 853. Until the father died, these complainants took no estate at all, but only the prospects of one. 23 Ala. 814; 39 Ala. 528; 178 Ala. 117, 59 South. 58; 139 Ala. 614, 36 South. 775; 90 Ala. 262, 7 South. 836; 130 Mass. 441; 136 N. C. 187, 48 S. E. 633, 67 L. R. A. 443; 89 Ala. 381, 8 South. 72. Until the death of the father and the ascertainment as to whether these complainants were to one of the class to whom distribution was to be made, and then only, could it be said that they had any other estate except that in expectancy. 28 Ala. 497; 25 Ala. 292; 24 Ala. 669; 139 Ala. 614, 36 South. 775; 136 N. C. 187, 48 S. E. 633, 67 L. R. A. 443; and authorities supra. The doctrine of representation therefore could not apply. 34 Ala. 430, 73 Am. Dec. 461; 74 N. C. 434; 264 Ill. 219, 106 N. E. 262; 92 Md. 591, 48 Atl. 145, 52 L. R. A. 406, 84 Am. St. Rep. 524. The power of sale under the will rendered the court proceedings unnecessary, confiscatory and void. 30 Cyc. 354; 33 Wash. 392, 74 Pac. 577, 63 L. R. A. 815, 99 Am. St. Rep. 952. A purchase by a trustee is voidable, irrespective of good faith and adequacy of consideration. 169 Ala. 648, 53 South. 830; 238 Fed. 1007, 151 C. C. A. 663; 143 Ala. 93, 39 South. 366; 149 Iowa, 690, 126 N. W. 942, 128 N. W. 932; 10 N. Y. 402, 61 Am. Dec. 752; 9 Wend. (N. Y.) 571, 24 Am. Dec. 179. The bill and the decree were filled with grave errors, rendering it vulnerable for error apparent, and subject to attack by this bill of review. 203 Ala. 544, 84 South. 739; 130 Ala. 85, 30 South. 728; 64 Ala. 364; 97 Ala. 451, 12 South. 48; 185 Ala. 179, 64 South. 312; 80 Ala. 115; 69 Ala. 71; 21 C. J. 702, 733. This is a direct attack. 86 Conn. 546, 86 Atl. 10, Ann. Cas. 1914B, 82; 136 Iowa, 128, 113 N. W. 492, 12 L. R. A. (N. S.) 891, 125 Am. St. Rep. 229; 28 Cyc. 1062.

This cause was submitted under Supreme Court rule 46, and the opinion of the court was prepared and delivered by—

ANDERSON, C. J. [1] The doctrine is well established that a trustee cannot purchase or deal in trust property for his own benefit or in his own behalf, directly or indirectly. But such a purchase is not absolutely void, but voidable only, at the election of the interested parties seasonably expressed. Hammond v. Hopkins, 143 U. S. 224, 12 Sup. Ct. 418, 36 L. Ed. 134; Cottingham v. Moore, 128 Ala. 209, 30 South. 784; Charles v. Dubose, 29 Ala. 367; Calloway v. Gilmer, 36 Ala. 354.

[2-4] The chancery court had jurisdiction to order a sale, or change the character of the trust property, or to confirm a private sale of same, if deemed to the interest of the minor cestui que trust. McLean v. Presley, 56 Ala. 211; Campbell v. Walker, 5 Ves. Jr. 678; McCreary v. Billing, 176 Ala. 314, 58 South. 311, Ann. Cas. 1915A, 561. Therefore the chancery court had jurisdiction to order or confirm the sale in question notwithstanding one of the purchasers, Yarbrough, was the trustee, and having acquired jurisdiction its decree cannot be impeached by a separate bill of review, except for fraud practiced upon the court in the procurement of the decree and which is not sufficiently charged in the present bill of complaint. Hardeman v. Donaghey, 170 Ala. 362, 54 South. 172; Noble v. Moses, 74 Ala. 616.

[5-8] If the chancery court erred in the former decree as to the method of sale or in permitting the use or disposition of a portion of the income before its maturity, this should have been corrected by appeal and is not available to these complainants by a new and independent bill to vacate and annul said former decree. We do not mean to hold, however, that said former decree was erroneous or that it was of detriment to these complainants if such was the case. True, the will required a reinvestment of the fund, but this did not preclude the chancery court from permitting a credit sale of the property and a reinvestment of the proceeds after the purchase price was paid. Nor does it appear that such a sale prolonged the life estate beyond the terms of the will as the remaindermen would have acquired the same upon the death of the life tenant. Nor does it appear that these complainants have been injured because some of the income was used or disposed of before it matured for the reason that, from aught that appears, Yancy Hamilton lived long enough to become entitled to these items. In other words, the complainants cannot complain of the use made of any of the income from the estate occurring during the life of Yancy Hamilton if he lived long enough to absorb those payments prematurely made.

[9] It may be true that these complainants, or some of them, were not in esse when the former bill was filed and the decree was rendered, but members of the same class to which they belong were and were made parties to the proceedings, and the decree rendered against them would be binding upon after-born members of the same class with identical rights. Letcher v. Allen, 180 Ala. 254, 60 South. 828; Elmore v. Galligher, 205 Ala. 230, 87 South. 349.

[10] The foregoing does not seem to be in conflict with the views of the learned trial court, as expressed in a prepared opinion; but said trial court seems to have overruled the demurrers to the bill upon the theory that some of the land was not embraced or

properly described in the former decree and sale. If this was the case, said land has not been disposed of, and, as Yancy Hamilton is dead, the trust has terminated and the complainants have a plain and adequate remedy at law for the recovery of such land as was not legally disposed of as well as the rental value of same since the death of the life beneficiary.

The trial court erred in overruling the demurrers to the bill, and the decree is reversed, and one is here rendered sustaining the demurrer, and the cause is remanded.

Reversed, rendered, and remanded.

SOMERVILLE, THOMAS, and MILLER, JJ., concur.