(119 So. 220)

**WARD v. JOSSEN et al.   (1 Div. 521.)**

Supreme Court of Alabama.   Dec. 20, 1928.

532

Thornton & Frazer, of Mobile, for appellant.

Inge & Bates, of Mobile, for appellees Jossen and W. G. Horn Realty Co.

BOULDIN, J. (after stating the facts as above).  In the absence of statute the rule generally prevails that a guardian is without authority to invest the ward's funds in the purchase of real estate without an order of the court. 28 C. J. p. 1144, note 42. By our statute a guardian, acting in good faith and with that prudence required of trustees, may invest the ward's funds in the purchase of lands. Code, § 8168. Title must be conveyed to the ward. Section 8169. The guardian is liable to the ward for any loss by reason of failure or defect of title. Section 8170, Code.

 The statutes vest in the guardian no authority to incur debt on behalf of the ward in the purchase of lands; no power to give a mortgage thereon; no power to take bond for title leaving an unpaid balance as a burden on the ward's estate. Scott v. Reeves, 131 Ala. 612, 31 So. 453; Robinson v. Pebworth, 71 Ala. 240; St. Joseph's Academy v. Augustini, 55 Ala. 493; 28 C. J. 1165. In some states it is the rule that the power to authorize investment in real estate is not vested in probate courts. 28 C. J. p. 1144.

In the early case of Bryant v. Craig, 12 Ala. 354, dealing with the powers of the orphans' court under our statute, the general rule was stated that a guardian may apply to the orphans' court for authority to invest funds of the ward, and, if lost without his fault after such investment, he will not be personally responsible. The probate court under the same statutory system has like powers.

In the late case of Cunningham v. Cunningham, 215 Ala. 485, 111 So. 208, it was declared the judge of probate has no power to authorize or ratify a loan in violation of law, in that case a loan without statutory security.

The probate court may on proper proceedings authorize the sale of property for reinvestment and direct such reinvestment. Code, § 8184.

 Considering our several statutes, it may well be questioned whether the probate court has authority to authorize the incurring of debt on the part of the ward's estate in the purchase of real property, the giving of a mortgage thereon, or a purchase vesting no complete title but conditioned upon or incumbered with further payment of purchase money. If the ward has neither funds on hand, nor properties subject to sale for reinvestment, sufficient to acquire an unincumbered title, it is a safe rule not to authorize such purchase. Whether in all events such an order would be void it is not necessary to here decide.

In the present case the guardian did not make the investment in keeping with the order of the court. While the terms of the order are not specific, it recites the facts and conditions upon which it is granted. It cannot be construed to authorize the making of a new and different contract carrying heavier burdens than contemplated in the order. However desirable it may have appeared at the time, we must hold that parting with the ward's funds, $500, under the conditions named in the deed, was a devastavit.

The vendor executing the deed was charged with notice of and participated in this breach of trust. The assignee, Jossen, taking with full notice, occupies a like position. As to this fund he becomes a trustee in invitum. It may be followed into the property, and a lien fastened thereon for its repayment.

The parties, seeming to recognize that title must be made to the ward, that notes of his guardian as such and a mortgage on his property could not be given, took the course of having the notes made by the guardian in person, secured by a contract lien to be enforced by power of sale. In equity it was a mortgage. The same instrument undertook to pass title to the ward, and to reserve a lien as security for purchase money with power of sale similar to an ordinary mortgage.

Appellees insist that the ward is fully protected by the guardian's bond. There is no allegation that the guardian's bond is insufficient from any cause. This insistence misconceives the remedies open in equity for the protection of the ward's estate. "Whenever a suit is instituted for the protection of the infant, either in person or estate, the infant becomes a ward of the court, and the court exercises over him and his estate a general supervision and control." Lee v. Lee, 55 Ala. 590, 599. When the estate of the ward is threatened with loss by mismanagement, the remedy in equity is preventive as well as compensatory.

A suit on behalf of the ward to charge a third person as trustee in invitum and impress a trust upon property does not release the guardian and sureties. All may remain bound and subject to appropriate proceedings until satisfaction is obtained, the ward's estate made whole. Robinson v. Pebworth, 71 Ala. 240; Lee v. Lee, 67 Ala. 406; Lee v. Lee, 55 Ala. 590.

The purpose of this suit is the protection of the ward's estate. The mismanagement of the guardian is presented as part of the case on which the ward's equity rests. There is no question of the guardian's coming into court with clean hands.

The case of Steinhart v. Gregory, 176 Ala. 368, 58 So. 266, is not inconsistent with the above-cited authorities. It recognizes the right of the ward to hold the guardian and sureties to account, or to sue a third person who had come into possession of funds which ex æquo et bono belong to the ward. Under the facts of that case it was declared such action could be maintained at law. Here equity must be done on both sides, the reconveyance of such title as vested in the ward being among such equities.

Another insistence is that the parties cannot be placed in statu quo, and therefore the ward should be left to his remedy against the guardian and sureties. The bill does not disclose that the parties may not be placed in statu quo in so far as that is essential to relief in equity on behalf of an infant.

It appears that respondent Jossen, by instrument in writing made exhibit to the bill, assumed in all respects the position of the vendor and without recourse on Walsh; that he took such title and interest as was held by the original vendor for an outlay of $1,650. The property was impressed with a trust for $500, and valued in the transaction of which he had notice and to which he became a party at $2,150. If any fraud was perpetrated on him by Walsh calling for a rescission of their contract, this is matter for Jossen to set up by proper pleading.

Neither is the court of equity wanting in power to make effective the relief sought. It may mold its decree so as to avoid the power of sale, and, as a condition precedent to a reconveyance of title and surrender of possession, require the payment of the $500, with interest, the surrender of the notes, and such other things as equity shall demand. W. G. Horn Realty Company is a proper party respondent. The equity of the bill as to them does not rest upon a case for accounting generally. They are shown to occupy a fiduciary relation to the parties, something of a trust relation to the property. They have had its management and control, received the rents, paid taxes, made repairs, and paid the accruing interest on the notes, involving, it is alleged, expenditure of their own funds in addition to rents received.

In doing complete equity, not by halves, it is proper that their incidental trust, not shown to be due to any wrong on their part, should be settled, the amount due them, if anything, ascertained, and its payment made a further condition to taking over the property as it stands free from all charges. In short, the equities of all parties connected with the transaction may be adjusted.

The court erred in sustaining the demurrers to the bill.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.