141 So. 632

## WARREN v. SOUTHALL.
### 8 Div. 328.

Supreme Court of Alabama.
March 24, 1932.

Rehearing Denied May 26, 1932.

Bradshaw & Barnett and Simpson & Simpson, all of Florence, for appellants.

W. H. Mitchell, of Florence, for appellee.

THOMAS, J.

The appeal and assignment of errors challenge the action of the court in overruling demurrer to the bill.

Stated generally, the facts averred are that: D. O. Warren died in 1924. His widow, Alice McClure Warren, is the guardian and custodian of her children, Vernice and others named, who are minors and who are parties to this suit. Decedent owned a homestead estimated to be of the value of $10,000. In 1928, the widow and guardian, Alice McClure Warren, filed her bill in the Lauderdale chancery court, praying the authority as guardian to borrow money on her children's property with which to buy for them a smaller and cheaper home in the averred belief that such action would be to the best interest of and for said children. The proceedings were regular and in due course; the court approved the proposed transaction, and entered a decree to the effect that the mortgage and purchase be made; and the terms of the decree authorized the guardian to borrow, in the name of her wards, from C. M. Southall, $2,500 for the purpose named, the loan to be secured by the mortgage which is the subject of the present litigation, and proceeds to be invested in a more suitable home. The transaction of loan and purchase as authorized was concluded; and in due course the mortgage on the lands of said minors became delinquent. In December, 1930, the mortgagee, C. M. Southall, filed his bill to foreclose the aforesaid mortgage, and all the parties at interest are before the court, being the said Alice McClure Warren (and said minor children) who had executed the mortgage and procured the 1928 proceedings authorizing the loan and mortgage, as defendants in this bill; and they appeared and demurred.

The Warrens base their attack on the regularity and validity of the 1928 chancery proceedings which they procured and which supplied the authority for the mortgage which Southall is seeking to foreclose on the following grounds:

(1) There was no proper service in the 1928 proceeding, on those minors who were under fourteen years of age.

(2) The chancery court has no jurisdiction to authorize a guardian to borrow money for his wards on their property.

(3) The proceedings of 1928 were void and the mortgage was without binding effect on respondents' interests in said lands.

■ It may be well to observe that Chancery Rule 20 and section 9449 of the Code provide, in the alternative, that the register appoint a guardian ad litem for such infant or person without service. In the 1928 proceedings by the mother as guardian of the minor children and against them, the minor over the age of fourteen years was personally served with process, and nominated as her guardian, the same person appointed by the register as guardian ad litem for the younger children and minors under fourteen years of age, and such guardian and guardian ad litem did accept the appointment and duly answered the bill. This was in compliance with the rule and statute, where the suit was by the mother and guardian against her children and wards.

■ The proceedings in 1928 for the authority to mortgage were in a court of general jurisdiction, and its acts are protected by and with the usual intendments as against a collateral attack. 34 C. J. p. 520, § 827-C; Miller v. Thompson, 209 Ala. 469, 96 So. 481. In such a proceeding, assailed collaterally, it was held that the defendants were bound by the decree; that the same guardian may represent the several minors where there was no adverse interest disclosed to have existed between them; and that a guardian ad litem may be appointed without personal service. The holding on the last point was: "The chancery court having general powers as general guardian of all infants within its jurisdiction, if an infant is not brought into court by service before the appointment of a guardian ad litem is made, the chancellor may make the appointment without service, which duty may and should be exercised whenever the fact of infancy is established, and the infant is within the jurisdiction of the court and in the cause for hearing." Hamilton v. Tolley, 209 Ala. 533 [3], 96 So. 584, and authorities there collected; Fowler v. Fowler, 219 Ala. 453, 456, 122 So. 440. The attack now made is collateral, and cannot be heard in this foreclosure. Cogburn v. Callier, 213 Ala. 38, 104 So. 328; Friedman & Loveman v. Shamblin, 117 Ala. 454, 23 So. 821; Singo v.

McGhee, 160 Ala. 245, 250, 49 So. 290; Interstate Building & Loan Association v. Stocks, 124 Ala. 109, 27 So. 506; Berry v. Manning, 209 Ala. 587, 96 So. 762; Rosebrook v. Martin, 200 Ala. 592, 76 So. 950; Johnson v. Johnson, 182 Ala. 376, 62 So. 706.

If the exercise of jurisdiction to the end of the decree of 1928 may be challenged on this separate proceeding for foreclosure of the mortgage then authorized, it will be noted that the chancery court is the general guardian of infants by virtue of its general powers, ample to protect the rights of minors when parties to pending litigations (Hamilton v. Tolley, supra); that our statute recognized the derivative jurisdiction of the probate court of the real estate of the ward, section 8151, Code; that there is authority for the leasing and renting of lands of the ward, section 8153 et seq., Code; for the improvement of real estate of minors or wards, section 8159, Code; and special equity of reimbursement therefor in Spidle v. Blakeney, 151 Ala. 194, 44 So. 62; for the order of compromise of the ward's claims, section 8164, Code; for keeping the estate together, section 8163, Code; for the investment of the ward's funds in real estate, section 8168, Code; Thompson v. Thompson, 92 Ala. 545, 9 So. 465; Robinson v. Pebworth, 71 Ala. 240, 245; Hall v. Hall, 43 Ala. 488, 496, 94 Am. Dec. 703; for the sale of the ward's lands for maintenance and education, sections 8182, 8199, Code; Wilson v. McKleroy, 206 Ala. 342, 347, 89 So. 584; Matthews v. Matthews, 104 Ala. 303, 16 So. 91, overruling Turnipseed v. Fitzpatrick, 75 Ala. 297; Edmondson v. Jones, 204 Ala. 133, 85 So. 799.

In Goodman v. Winter, 64 Ala. 410, 434, 38 Am. Rep. 13, is a discussion of the power of a court of equity as to the sale of an infant's lands. It was said: "Whatever may be the doctrine prevailing in the Court of Chancery in England, or whatever contrariety of opinion, or of doubt, may prevail in the different States, as to the jurisdiction of a court of equity to decree a sale of the real estate of an infant; in this State, the jurisdiction must be regarded as existing. Ex parte Jewett, 16 Ala. 410; Rivers v. Durr, 46 Ala. 418. The jurisdiction does not spring from, nor is it dependent upon, the character of the estate, —whether absolute or contingent; whether in possession, or the possession postponed until the happening of a future event. It rests upon the power and duty of the court to protect infants,—to take care of, and preserve their estates, while under disability debarring them from the administration of property. The courts would be more reluctant to decree the sale of an estate in remainder, or of a contingent estate, lest it might operate a sacrifice of the interests of the infant; but the jurisdiction exists, though it may be more seldom and more sparingly exercised. It may

be, the infant has no other source from which maintenance and education can be derived. Or, it may be, the estate is deteriorating in value, without fault or neglect on the part of the tenant of the particular or prior estate, and that the deterioration will continue, so that, when the preceding estate expires, it will be, if not valueless, of greatly less value than, when the court is requested to order a sale. A sale is then necessary, for the maintenance and education, or to conserve the interests of the infant, and it has been the practice of Courts of Chancery in this State to decree it."

And the general statement of the powers in the premises is as follows: "Courts of equity have original jurisdiction to order a sale of the property of infants, not only for their maintenance and education, but also for conserving the best interests of their estates and for reinvestment of proceeds to a greater advantage." Martin v. Barnett, 205 Ala. 220 [1], 87 So. 324.

See, also, Anderson v. Steiner, 217 Ala. 85, 115 So. 4; McCreary v. Billing, 176 Ala. 314, 58 So. 311, Ann. Cas. 1915A, 561; Bellamy v. Thornton, 103 Ala. 404, 15 So. 831; Tolley v. Hamilton, 206 Ala. 634, 91 So. 610; Id., 209 Ala. 533, 96 So. 584; Mohon v. Tatum, Guardian, 69 Ala. 466; Gassenheimer v. Gassenheimer, 108 Ala. 651, 18 So. 520; McCreary v. Billing, 176 Ala. 314, 58 So. 311, Ann. Cas. 1915A, 561.

An executor was held authorized to negotiate and procure money for the estate by pledge of personalty, in Farmers' & Merchants' Bank v. Sanford, 150 Ala. 195, 43 So. 226, and Steinhart v. Gregory, 176 Ala. 368, 58 So. 266, cited the Sanford Case with approval. And the subject of jurisdiction was recently concluded in First Nat. Bank v. Robertson, 220 Ala. 654, 656, 127 So. 221, 223, as follows: "It is the duty of such court to see that their rights are properly asserted and protected. If necessary it will direct the guardian in respect to the proper pleading to protect their rights. Austin v. Bean, 101 Ala. 133, 16 So. 41."

█ The power of a court of chancery over the estate of a ward—that of general supervision and control—is ample for protection of the infant either in person or estate. Ward v. Jossen, 218 Ala. 530, 533, 119 So. 220; Lee v. Lee, 55 Ala. 590, 599. This is ample authority by this court for the rendition of the decree in 1928. And our cases are in accord with the rule of the common law. 3 Pomeroy on Eq. (1918) §§ 1305, 1309 (3), note (f), page 3150; 28 C. J. p. 1173, §§ 293, 294; 2 Storey Eq. §§ 1351, 1352.

The chancery court of Lauderdale county in 1928, having jurisdiction of the parties at interest, exercised a sound discretion for the benefit of the minors by authorizing the parties to borrow money from Southall with a mortgage on their lands. The same being in default is, by this bill, sought to be foreclosed in equity. The present appeal may not attack that proceeding collaterally. The judgment of the circuit court, in equity, overruling the demurrer, is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.