153 So. 204

## WILKINSON et al. v. WRIGHT et al.

### 6 Div. 409.

Supreme Court of Alabama.

Jan. 11, 1933.

Rehearing Denied March 15, 1934.

F. D. McArthur and Ivey F. Lewis, both of Birmingham, for appellants.

John T. Batten, of Birmingham, for appellees.

FOSTER, Justice.

This is a bill in equity filed by the heirs of Edward L. Wilkinson, deceased, who was a non compos mentis. His wife, Hattie Ann Wilkinson, was appointed his guardian during his life, and administratrix after his death. The bill alleges that during his life, and pending the guardianship, the guardian, through decrees of the chancery and probate courts, sold the real estate of the ward to pay debts and for investment. By the terms of such sales, she received part cash, with the balance payable in installments, evidenced by the notes and mortgages of the purchasers. That she paid out of the cash so received the first installments upon two contracts by which she separately purchased two tracts from two different parties, and in which she undertook to pay the balance in deferred payments for which she executed separate mortgages. That she has paid large sums, aggregating approximately $23,000 in that manner. But that a large amount of the deferred payments have not been paid, and that the funds and resources of the estate have been exhausted, leaving nothing except what was thus invested. It alleges that the investments were made without the authority of any court, and that the vendors knew that the transactions involved the funds and effects of the ward. It also alleges that both transactions, though separate when made, have come into the ownership of one of the parties by a purchase of the notes and mortgage from the other. It seeks to have the guardianship and administration removed into the chancery court, and to disaffirm the transactions, and a restoration of the amounts which were paid on them, and to create a lien respectively for their enforcement.

The contention is made that there cannot be a disaffirmance, unless the purchase is in violation of a decree which authorized the investment, or there was fraud in making it, and insolvency of the guardian. But we think that the contention arises from a misconception of the discussion in the case of Ward v. Jossen, 218 Ala. 530, 119 So. 220, of the failure to pursue the requirements of the decree which authorized the investment. In that case an effort was made by the guardian to invest funds of the ward in real estate as authorized by the probate court on the sale of property for reinvestment. The court authorized the investment, but the guardian paid part cash and gave notes for the deferred payments without pursuing the strict authority of the decree. This court questioned the right of the probate court to approve such a transaction. It was not the fact of the failure to observe the requirements of the decree which gave rise to the right to disaffirm, but that the right to disaffirm was not curtailed by the decree, because the decree was not followed, pretermitting the question of whether the court had the right to authorize the transaction as it occurred.

Leaving out of consideration the effect of the authority of the probate court in that respect, it was there plainly held, that the guardian has no right on behalf of the ward to incur a debt in the purchase of land, nor execute a mortgage to secure any such claim; nor to invest the ward's funds in realty by accepting a contract conditioned upon further payments of the ward's funds. It is not dependent upon fraud or collusion, or insolvency. The guardian may not make such a transaction for his ward, as a matter of policy, without regard to whether injury occurs or bad faith enters into it. Without authority of the statute, a guardian had no right to invest in real estate at all. Ward v. Jossen, supra.

We are not here concerned with the question of whether the chancery court could authorize such a contract, or might approve the appropriation of notes or accounts due the ward to such uses. It is here alleged that there was no such authority conferred.

The case of Ward v. Jossen, supra, is authority for the relief sought, as respects the demurrer addressed to the equity of the bill, and it appears to have been the pattern followed by the bill.

■ It is also insisted that the bill is multifarious in joining the two transactions, although it is alleged that one of the respondents owns the notes and mortgages given in them both. Both the original vendors are made parties. But the question of multifariousness is not alone controlled by the fact that the one defendant is interested in the two transactions. For it also embraces the idea that there may not be joined against one defendant to his prejudice "several distinct and independent matters and thereby confound them." Ford v. Borders, 200 Ala. 70, 75 So. 398; Skains v. Barnes, 168 Ala. 426, 430, 53 So. 268; Truss v. Miller, 116 Ala. 505, 22 So. 863, 866; 21 C. J. 408, 413; Story Eq. Pleading, § 271.

In this respect it resembles a misjoinder of causes of action at law against a defendant. Skains v. Barnes, supra (page 431 of 168 Ala., 53 So. 268).

■ The common-law rule against the joinder of causes against the same defendant has been changed so as to permit it when they are of the same nature. Sections 9466, 9467, 9513, Code; McDougal v. A. G. S. R. R. Co., 210 Ala. 207, 97 So. 730; Ballenger v. Ballenger, 205 Ala. 595, 88 So. 826; Hitt Lumber Co. v. Sherman, 189 Ala. 681, 66 So. 639; L. & N. R. R. Co. v. Cofer, 110 Ala. 491, 18 So. 110.

But such change has not been made by statute in the equitable principle of multifariousness. Section 6526, Code.

It is said in a note to Story's Equity Pleading, page 261, in this connection: "It is in this class of cases, especially that the court may treat the bill as multifarious or not in its discretion."

■ ■ It is apparent that it would be unwise to permit the joinder of all and every sort of equitable claim which a complainant might have against the one respondent, but there are instances when their joinder would serve a purpose useful to all those concerned

on the same principle that equity causes may be consolidated. 1 C. J. 1123; 1 C. J. 1129, § 329. When the court is persuaded that such a situation is shown by the bill, the rules of chancery practice permit the court in the exercise of its discretion to sustain a joinder of those causes against the same parties. It is within the province of the court thus to exercise its discretion, and owing to the great variety of equitable claims, it is better that the question of multifariousness be settled in the discretion of the court, rather than that there be a strict rule in that respect fixed by statute or the court. This discretion is to be exercised on a consideration of these principles applicable to the consolidation of suits in equity after they are begun. 1 C. J. 1123, 1124, § 315.

■ When the two claims against the defendant are kin, both in respect to the applicable principles and the character of the transactions, and relief sought, the fact that the bill seeks to enforce such similar rights against the same party should not be denied, simply because there were two or more transactions rather than one, unless there appears some circumstance which makes it unjust to the defendant, or cumbersome and difficult for the court to proceed in respect to them both at the same time, and thereby "confound them."

■ Our cases sustain this right of the court to exercise a discretion. It is not without restraint, but is a judicial discretion, and subject to review. Singer v. Singer, 165 Ala. 144, 51 So. 755, 29 L. R. A. (N. S.) 819, 138 Am. St. Rep. 19, 21 Ann. Cas. 1102; Webb v. Butler, 192 Ala. 287, 68 So. 369, Ann. Cas. 1916D, 815; O'Neal v. Cooper, 191 Ala. 182, 67 So. 689; Gulf Compress Co. v. Jones Cotton Co., 157 Ala. 32, 47 So. 251; Sicard v. Guyllou, 147 Ala. 239, 41 So. 474.

■ The instant case presents a situation where complainants have two equitable rights against the same defendant, both dependent upon the same principles, and are of the same sort. We see nothing in them which would render their joint trial and consideration unjust to defendant nor cumbersome or difficult for the court.

■ Complainants have thus cast the suit, and they cannot complain if there is inconvenience to them, as there might be. To illustrate, if complainants are successful in both transactions, and respondent claims error on appeal to exist in respect to only one, the appeal may suspend the enforcement of the decree in respect to both transactions until

that one claim is determined. This is a hazard of litigation which complainants assume. The better position to avoid such result would be to render a separate and distinct decree in respect to each transaction, as when two equity suits are consolidated. 1 C. J. 1137, § 356.

Our judgment is that the equitable claims asserted in the bill are not subject to the demurrer on the grounds we have discussed, and that so far as appears upon the face of the bill there is no reason to hold that a joinder of the causes set up in it makes it subject to the claim of multifariousness.

We think therefore that the court committed error in sustaining the demurrer upon grounds which we have discussed.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

BOULDIN, Justice.

I concur in the general principles stated in the opinion, as well as the result. But, lest we be misunderstood, I express the further opinion that the bill discloses such unity of subject-matter, and such relation of the parties thereto, that no objection for multifariousness appears.

The gravamen of the bill is for an accounting by the guardian for the moneys of the ward which come to his hands by virtue of his trust and to recover such funds.

The other parties become involved by transactions with the guardian, whereby they become trustees in equity along with him of portions of such funds; and the bill seeks to follow such trust funds into the lands in which they were invested through such transactions.

To my mind there is no difference in principle between this and a bill by a creditor to collect a debt by setting aside several different and distinct fraudulent conveyances of property, made by the debtor to separate and unconnected grantees. The property, in the hands of such grantees, is charged in equity with a trust in favor of the creditor. Surely, a like unity arises when each of the defendants, or his property, has become chargeable with portions of a common trust fund as in this case. Of course, separate decrees in equity should be rendered to meet the equities as to all parties.

GARDNER, J., concurs in the foregoing.