3 So.2d 3

### GRACE et al. v. SOLOMON.

6 Div. 784.

Supreme Court of Alabama.

May 15, 1941.

Rehearing Denied June 30, 1941.

David R. Solomon, of Birmingham, appellee, pro se.

M. B. Grace, of Birmingham, for appellants.

LIVINGSTON, Justice.

This suit was commenced in the Circuit Court of Jefferson County, in Equity (Bessemer Division), by M. B. Grace and R. J. Hagood against Norris Holman, a non compos mentis, and Clay Holman, as guardian.

Appellants first sought to fix and foreclose a lien on two lots of land under the provisions of subdivision 3 of section 6262, Code of 1923, which provides that:

"Upon all suits for the recovery of real or personal property, and upon all judgments or decrees for the recovery of the same, attorneys at law shall have a lien on the property recovered."

The lien here provided for cannot be extended beyond the fair intendment of the statute, the effect of which, in agreement with the common law, is to place the attorney in the position of an equitable assignee of the judgment obtained for his client. King et al. v. Acuff, 218 Ala. 619, 119 So. 833.

Appellants' bill on the equity side of the court failed to show any property recovered for their clients in the proceedings out of which the lien was alleged to have arisen. For this reason, apparently, plaintiffs, on motion, had the cause transferred to the law side.

After the cause was transferred, plaintiffs amended their pleadings to conform to pleadings in the law court. The complaint as thus amended contained three counts, one claiming $250 as an agreed attorneys' fee, and the other two claiming $250 as a reasonable attorneys' fee for services rendered. The cause of action set forth in each count is illustrated by count one, as amended, which also contains an averment of the removal of Clay Holman as guardian of Norris Holman, a non compos mentis, and the appointment of David R. Solomon in his stead. Count one is as follows: "Plaintiff claims of the defendants, separately and severally, the sum of Two Hundred Fifty ($250.00) dollars, for that on to-wit: June 26, 1935 Clay Holman was guardian of Norris Holman, non compos mentis, and on to-wit: said date, employed M. B. Grace and R. J. Hagood, attorneys, to represent him as such guardian, and the estate of Norris Holman, non compos mentis, in an action, wherein the Bessemer, Coal, Iron and Land Company, a corporation, had brought suit against Clay Holman, as guardian of Norris Holman, non compos mentis in the Inferior Court of Bessemer, Alabama, to recover the following described real estate, to-wit: Lots 6 and 7, in Block 840 according to the Bessemer Coal, Iron and Land Company's survey, in or near the City of Bessemer, Alabama, which said real estate as herein described, was part of the estate of Norris Holman, non compos mentis, agreeing to pay to plaintiffs a reasonable attorneys' fee for representing him and the estate of Norris Holman, non compos

mentis in said litigation; that plaintiffs accepted said employment and represented the said Clay Holman, as such guardian, and the estate of Norris Holman, non compos mentis successfully in said litigation. Plaintiffs aver further, that Norris Holman, or Clay Holman, as guardian for Norris Holman, non compos mentis, several years prior thereto, had executed an agreement with the Bessemer Coal, Iron and Land Company, a corporation, by the terms of said agreement, Norris Holman, or Clay Holman, as guardian for Norris Holman, non compos mentis, purchased from said Bessemer Coal, Iron and Land Company, a corporation, the real estate described herein, agreeing to pay to the Bessemer Coal, Iron and Land Company, a corporation, a large sum of money for said real estate; that the purchase price of said real estate was to be paid in monthly installments; that a large portion of the purchase price of said real estate was due and unpaid at the time said suit was filed for recovery of said real estate, and plaintiffs aver by means of their efforts, talent and service rendered in said cause, they were able to obtain from the Bessemer, Coal, Iron and Land Company, a corporation, a warranty deed to said real estate, the said deed being made to Norris Holman; that the sum of two hundred fifty ($250.00) dollars is reasonable compensation to be paid to plaintiffs for the services rendered in said cause, and which has not been paid, or any part of same to plaintiffs. Plaintiffs aver further, since this said suit was filed Clay Holman has been removed as guardian for Norris Holman, non compos mentis, by order of the Probate Court of Jefferson County, Alabama, and Davis [David] R. Solomon has been appointed as successor to the said Clay Holman, as such guardian and is at the present acting and discharging the duties as guardian for Norris Holman, non compos mentis. Plaintiffs aver further that the sum of $250.00 with interest thereon is due and unpaid."

Appropriate demurrers challenging plaintiffs' right to recover for legal services rendered under the above allegation of facts were sustained. Plaintiffs took a nonsuit with a bill of exceptions, and appealed.

In the case of Wilkinson v. Wright, 228 Ala. 243, 153 So. 204, 205, this Court said: "The guardian has no right on behalf of the ward to incur a debt in the purchase of land, nor execute a mort-

gage to secure any such claim; nor to invest the ward's funds in realty by accepting a contract conditioned upon further payments of the ward's funds. It is not dependent upon fraud or collusion, or insolvency. The guardian may not make such a transaction for his ward, as a matter of policy, without regard to whether injury occurs or bad faith enters into it. Without authority of the statute, a guardian had no right to invest in real estate at all. Ward v. Jossen [218 Ala. 530, 119 So. 220]."

Each count shows on its face that the acts of the guardian Clay Holman were in violation of this salutary rule. He attempted to bind his ward's estate for future installments in the purchase of real estate, which he could not do.

Attorneys' fees are not allowable against the estate of the ward in litigation which is caused solely by the mismanagement or maladministration of the guardian, nor are they allowable against the ward's estate when the services are rendered for the sole protection of the guardian. 65 Corpus Juris 720, 721. If there is liability for the services rendered in this cause, it is the liability of Clay Holman, individually, who is not now a party defendant. The estate of Norris Holman cannot be charged for legal services rendered in extricating Clay Holman from the possible effects of his own devastavit. It follows that the demurrers were properly sustained.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.